STACY MONIZ
47-563 Hua Place
Kaneohe, Hawai'i 96744
Tel.: (808) 258-7448
Email: stacymoniz@msn.com

Defendant, *PRO SE*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| JPMorgan Chase Bank, N.A.,<br><br>          Plaintiff,<br><br>     v.<br><br>Stacy Moniz,<br><br>          Defendant. | CIVIL NO. 15-00512-DKW-BMK<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

## MEMORANDUM IN SUPPORT OF MOTION

I.    Request for Judicial Notice

At the outset, Defendant requests that this Court take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence (FRE) of the pleadings and records/docket from *Moniz et. al. v. CHASE et. al.,* Civil No. 11-1-2733-11 KTN, First Circuit Court, State of Hawaii, including the following:

1.    The Amended Verified Complaint attached hereto as Exhibit "A".

2.    The First Circuit Court of Hawaii's Order filed October 2, 2012, attached hereto as Exhibit "B".

3.    CHASE's responsive pleading filed on October 4, 2012 attached

hereto as Exhibit "C".

4.    CHASE's Motion To Amend Answer Filed on April 22, 2014

attached hereto as Exhibit "D".

5.    The Record/Docket of June 24, 2014 from the official Hawaii

Judiciary site, Hoohiki, denying CHASE's Motion to Amend Answer

attached hereto as Exhibit "E".

6.    The Deed recorded in the Land Court of the State of Hawaii on April

29, 1996, attached hereto as Exhibit "F".

Defendant also request that this Court take judicial notice of Chapter 501 of

the Hawaii Revised Statutes, including, but not limited to, §501-1 (attached hereto

as Exhibit "G"),

Pursuant to FRE 201, this Court may take judicial notice of matters of public

record if the facts are not subject to reasonable dispute." *Lee v. City of Los Angeles,*

250 F.3d 668, 688-89 (9th Cir. 2001). Court orders and filings are proper subjects

of judicial notice. See, *United States v. Black,* 482 F.3d 1035, 1041 (9th Cir. 2007)

(a court "may take notice of proceedings in other courts, both within and without

the federal judicial system, if those proceedings have a direct relation to matters at

issue"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n. 6 (9th Cir.

2006); *Asdar Group v. Pillsbury, Madison & Sutro,* 99 F.3d 289, 290 n. 1 (9th Cir.

1996) (court may take judicial notice of pleadings and court orders in related proceedings); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992) ( court may take judicial notice "of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue"). See *Dawson v. Mahoney,* 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings); *ScripsAmerica, Inc. v. Ironridge Global LLC,* 56 F.Supp.3d 1121, 1136 (C.D. Cal. 2014) ("It is well established that federal courts may take judicial notice of related state court orders and proceedings.").

Each of these documents and statutes/rules are a proper subject of judicial notice, and that the Plaintiff can have no dispute with the same, it is requested that the Court grant Defendant's request and consider them in deciding this Motion.

Because FRCP Rule 12(b)(6) review is confined to the complaint, the court typically does not consider material outside the pleadings in deciding such a motion. *In re American Continental Corp./Lincoln Sav. & Loan Securities Litig.,* 102 F.3d 1524, 1537 (9th Cir. 1996). The Court may, however, properly consider exhibits attached to the complaint and documents whose contents are alleged in the complaint but not attached, if their authenticity is not questioned. See *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007) ("Courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine

when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). Taking judicial notice of matters of public record does not convert a motion to dismiss into a motion for summary judgment. *MGIC Indemnity Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986).

Defendant also requests that the Court take judicial notice of certain relevant portions of the Hawaii Revised Statutes (Chapter 501) and the Hawaii Rules of Civil Procedure, and Rules of the Land Court.  Under FRE Rule 201, statutes or ordinances are proper subjects of judicial notice because they are not subject to reasonable dispute. See *Tollis, Inc. v. County of San Diego,* 505 F.3d 935, 938 n. 1 (9th Cir. 2007).

II.    Relevant Factual And Procedural Background

On November 9, 2011, Defendant SM (along with his wife Bonny K. Moniz) filed a Verified Complaint in the Circuit Court of the First Circuit, State of Hawaii being Civil No. 11-1-2733-1 for various claims, including, but not limited to, breach of contract, fraud, UDAP, Quiet Title and Declaratory relief.  On April 9, 2012, Defendant SM (along with his wife Bonny K. Moniz) filed an Amended Verified Complaint asserting substantially similar claims. See Exhibit "A".  One of the named Defendants in that action is CHASE Home Finance LLC (now JPMorgan CHASE Bank NA by merger).

Due to its failure to reply in a timely fashion, an entry of default was entered against CHASE in the State Court action.  CHASE subsequently moved to have the default set aside, which resulted in the court's order filed on October 2, 2012.  See Exhibit "B".  Specifically, at CHASE's request, the State Court ordered that CHASE must file "**any counterclaims**" by October 4, 2012.  The order, by its language, covered both compulsory and permissive counterclaims. Id.  CHASE filed its responsive pleading on October 4, 2012 and chose not to file any counterclaims against SM or his wife.  See Exhibit "C".

Subsequently, on April 22, 2014 approximately eighteen (18) months after the State's Court Order requiring Chase to file any counterclaims, CHASE filed a Motion to Amend Its Answer pursuant to Rule 15 of the HRCP which was clearly an attempt to bypass Rule 13 (a) and (f) of the HRCP to add a counterclaim for foreclosure and other contract based claims.  See Exhibit "D".  This Motion was denied without prejudice (See Exhibit "E") due in part to CHASE's poorly veiled attempt to "backdoor" a counterclaim, (no less than a compulsory counterclaim) pursuant to Rule 15 instead of citing to the proper rule, Rule 13 HRCP.  Upon questioning by the court, CHASE'S counsel admitted that CHASE could not satisfy the standard listed in Rule 13(f).

At present, the State Court action is anticipating an April 2016 trial date.  Discovery has been concluded and substantive motions cut-off date has passed.

III.    <u>Applicable Rules and Statutes</u>

Defendant moves pursuant to FRCP Rules 12(b)(1) and 12(b)(6) for an order of dismissal with prejudice of this action.

1.    This Court does not have subject matter jurisdiction;

2.    The Complaint in this action fails to state a claim upon which relief can be granted by this Court;

4.    HRS 501-1 applies to the pending state court action and the state court has asserted *in rem* and/or *quasi in rem* jurisdiction over property.

5.    HRCP Rule 13 (a) and (f) require Plaintiff to file its claims, if any, in state court by way of a compulsory counterclaim.

IV.    <u>The Applicable Law</u>

1. <u>This Court Should Dismiss This Action Based Upon The Orders Of The State Court</u>

There can be no dispute that Plaintiff's claim for breach of contract asserted in this Action arises out of the claims asserted and pending in the State Court Action. The subject Note and Mortgage of which the Note was a part and parcel of, is being disputed in State Court. Extensive discovery (written and oral) has been taken and numerous motions have been filed and decided (with substantive motions still pending).

The State Court specifically and unambiguously ordered CHASE to file

"any counterclaims" by October 4, 2012. It did not. Now, over three (3) years since being ordered to do so and failing to so assert, CHASE files its claim for breach of contract and intends to subsequently include a foreclosure claim. (See footnote 1 in it's Complaint).  The property that is the subject of the alleged Mortgage documents is registered Land Court property in the Land Court system of the State of Hawaii. See Exhibit "F"

This present Action has to be one of the more egregious attempts at forum shopping to avoid adverse State Court orders. Principles of judicial notice, comity, and abstention doctrines require a dismissal of this matter.

CHASE is not asserting any federal claims in this Action and the State Court is more than capable of deciding the issues that have been pending before it for over four (4) years and being on the court house steps of a trial. Discovery is closed. Substantive motions are closed.

2. Federal Court Doctrines Require A Dismissal

The following law is provided for the Court's reference, as Defendant knows that it is well aware of the applicable law. These are the various rules of law and doctrines that apply to support this Motion to Dismiss:

a.    Colorado River Doctrine;

b.    Younger Doctrine;

c.    Rooker-Feldman Doctrine;

3.      Complaint fails to state a claim;

4.      Court abstain from asserting jurisdiction and dismiss for blatant

attempt to contravene state court as Plaintiff should be stopped from

asserting the present claim;

5.      State Court has exercised *in rem* jurisdiction since inception of the

State Case;

6.      HRS 501-1 (See Exhibit "G") and

7.      HRS 501-2, which states:

> The court may make and award all such judgments, decrees, orders, and mandates, issue all such executions, writs of possession, and other processes, and take all other steps necessary for the promotion of justice in matters pending before it, and to carry into full effect all powers which are, or may be given to it by law.

In a diversity case, the district court must apply the choice-of-law rules of the state in which it sits. *Abogados v. AT&T, Inc.,* 223 F. 3d 932, 934 (9th Cir. 2000); See, *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 496 (1941); *Ledesma v. Jack Stewart Produce, Inc.,* 816 F.2d 482, 484 (9th Cir.1987). Whether CHASE's claims are compulsory counterclaims which should have been pleaded in an earlier state court action is a question of state law. *Pochiro v. Prudential Ins. Co. of America,* 827 F.2d 1246, 1249 (9th Cir. 1987). State law applied by the State Court has determined at this time that CHASE has waived its right to file any counterclaim and should be stopped from asserting the same in this Court.

In *Peelua v. Impac Funding Corporation*, Civil No. 10-00090 JMS/KSC,

(D. HI 2011), Judge Seabright wrote:

> Hawaii state law governs the preclusive effect of the failure to raise a compulsory counterclaim in an earlier state court action, *Pochiro v. Prudential Ins. Co. of Am.,* 827 F.2d 1246, 1253 (9th Cir. 1987). And under Hawaii law, "where a defendant has had the opportunity but has failed to assert a compulsory counterclaim in an action, Rule 13(a) estops him from asserting such claim in a subsequent action." *Bailey v. State,* 57 Haw. 144, 148, 552 P.2d 365, 369 (1976); *see also Ellis v. Crockett,* 51 Haw. 45, 53-54, 451, P.2d 814, 821 (1969) ("Issues which must be raised by way of compulsory counter may not thereafter be raised in an independent action against the same parties who were plaintiffs in the former suit."). The rationale of this rule is "to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters," *Bailey,* 57 Haw. at 148, 552 P.2d at 368, and is "directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint." *Ellis,* 51 Haw. at 54, 451 P.2d at 821.

H.R.C.P., Rule 13(a) reads as follows:

> *Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if all of the following conditions exist: (1) the claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; (2) the claim does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction; (3) the claim was not at the time the action was commenced the subject of another pending action; and (4) the claim consists of a liquidated debt or demand, or a debt or demand capable of being ascertained by calculation.

The Hawaii doctrine is strictly applied. That is based upon the Hawaii Supreme

Court's stance that parties should be spared unnecessary vexation, expense, and

inconsistent results; that judicial resources shall not be wasted . . . *Ellis v. Crockett,*

51 Haw. 45, 57, 451 P.2d 814, 822 (1969).  Thus, while everyone is given the opportunity to present a case, that is "limited to one such opportunity." *Id.*

*In re Pegasus Gold Corp.*, 394 F. 3d 1189 (9th Cir. 2005) stands for the rule that in the federal system, the "logical relationship" test is applied to compulsory counterclaims:

> A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant. *In re Pinkstaff*, 974 F.2d 113, 115 (9th Cir.1992).

*Id. at* 1196. The Complaint filed herein clearly arises "from the same aggregate set of operative facts" as the AVC filed in state court.  CHASE failed to do this in state court, and is now trying covertly to pursue its waived counterclaims in federal court.

It is well established that an action may not be maintained where the claims asserted should have been brought as compulsory counterclaims in a prior action. *See Baker v. Gold Seal Liquors, Inc.,* 417 U.S. 467, 469 n. 1 (1974); *Springs v. First Nat'l Bank of Cut Bank,* 835 F.2d 1293, 1295 (9th Cir.1988). However, the circumstances here are that the State Court action is pending and on the verge of going to trial. The "first to file rule" should be applied here. As Judge Kay described in *Colortyme Financial Services v. Kivalina,* 940 F.Supp. 269, 272 (D. HI 1996):

the "first-to-file" rule (also called the "first-filed" or the "prior pending action" rule) dictates that, in the absence of "exceptional circumstances," the later-filed action should   be stayed, transferred or dismissed with leave to plead the counterclaims in the prior pending action. *See Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 94-95 (9th Cir.1982) *Adam v. Jacobs,* 950 F.2d 89, 94 (2d Cir.1991) (vacating district court judgment under Rule 13 and prior pending action rule for failing to dismiss action as compulsory counterclaim in favor of prior pending action); *Banner Indus. of New York, Inc. v. Sansom,* 830 F.Supp. 325, 328 (S.D.W.Va.1993) (dismissing action as compulsory counterclaim).

The instant action for breach of the promissory note (and subsequently foreclosure of collateral, see footnote 1 in the complaint) is logically related to the claims in the state court action. Defendant is contesting the validity of the mortgage documents, including the promissory note being sued upon here, and claiming fraud. There are claims pending in state court for quiet title of the *res* and for declaratory relief regarding the application of the Land Court Rules of the State of Hawaii among other various claims.

Thus, this Court should find that the instant action is a compulsory counterclaim in the state court action and dismiss the present complaint. *See, e.g., Park Club, Inc. v. RTC,* 967 F.2d 1053, 1057-58 (5th Cir.1992) (lender's claims for sums due under note and guarantees compulsory counterclaims to borrower's action for breach of contract); *Sanders v. First Nat'l Bank & Trust Co.,* 936 F.2d 273, 276-77 (6th Cir.1991) (borrower's claims against bank for fraud, duress and violations of Bank Holding Company Act compulsory counterclaims to bank's claims against borrower on notes and guarantees); *Bottero Enter., Inc. v. Southern*

*New England Prod. Credit Ass'n,* 743 F.2d 57, 58-59 (1st Cir. 1984) (borrower's

action for breach of contract underlying note and security interest compulsory

counterclaim to lender's action to foreclose on collateral); *G & M Tire Co. v.*

*Dunlop Tire & Rubber Corp.,* 36 F.R.D. 440, 441 (N.D.Miss.1964)

(manufacturer's claim against distributor on note dismissed as compulsory

counterclaim to distributor's prior-filed antitrust action).

   In *Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93 (9th Cir.1982), The

Ninth Circuit stated:

> We agree with the district court that the goal of judicial efficiency would not
> have been served by accepting jurisdiction....Permitting multiple litigation of
> these identical claims could serve no purpose of judicial administration, and
> the risk of conflicting determinations as to the patents' validity and
> enforceability was clear.

*Id.* at 96; *Church of Scientology of California v. United States Dept. of Army,* 611

F.2d 738, 749-50 (9th Cir.1979). Permitting the instant action to proceed would risk

conflicting determinations, for instance, the Hawaii action might result in the

promissory note and related mortgage being void, which are the subject of the

instant action.

   "The general principle is to avoid duplicative litigation," *Colorado River*

*Water Conservation District v. United States*, 424 U.S. 800, 817 (1976), and to

promote judicial efficiency." *Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir.

2000). The state court has concurrent jurisdiction and it acquired its jurisdiction

first. No purpose would be served by proceeding with this second action, especially since there are no federal claims being asserted by Plaintiff herein. The Supreme Court has held that an action arises under federal law if that law creates the cause of action, *American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260 (1916), or if a substantial question of federal law is a necessary element of plaintiff's cause of action, *Smith v. Kansas City Title & Trust Co.,* 255 U.S. 180 (1921). Neither circumstance exists here.

Although dismissal under the first to file rule does not require the antecedent finding that the claims in the second-filed action are compulsory counterclaims in the first-filed action, such a finding bolsters the conclusion that the first-to-file rule is applicable. *See Pacesetter Sys., Inc.,* supra at 94; *Colortyme Fin. Servs., Inc. v. Kivalina Corp.,* supra at 272 n.2 (D. Haw. 1996) (the "first-to-file rule can operate either independently or in conjunction with Rule 13(a)").

The purpose of requiring a party to assert its claim as a counterclaim in a pending action is "to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." *Southern Construction Co. v. Pickard,* 371 U.S. 57, 60 (1962). The Rule bars a party who failed to assert a compulsory counterclaim in one action from instituting a second action in which that counterclaim is the basis of the complaint. *Id.*

Ordinarily, "'the pendency of an action in the state court is no bar to

proceedings concerning the same matter in the Federal court having jurisdiction.'" *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 292 (2005). However, "comity or abstension doctrines may, in various circumstances, permit or require the federal court to dismiss the federal action in favor of the state-court litigation." *Id.* The appropriate circumstances for a dismissal exist here.

Prior Jurisdiction *In Rem*

The prior exclusive jurisdiction doctrine holds that "when one court is exercising *in rem* jurisdiction over a *res,* a second court will not assume *in rem* jurisdiction over the same *res." Marshall v. Marshall,* 547 U.S. 293, 311 (2006); *see also Princess Lida of Thurn & Taxis v. Thompson,* 305 U.S. 456, 466-67 (1939). "Although the doctrine is based at least in part on considerations of comity and prudential policies of avoiding piecemeal litigation, it is no mere discretionary abstention rule. Rather, it is a mandatory jurisdictional limitation." *State Engineer v. South Fork Band of Te-Moak Tribe of W. Shoshone Indians,* 339 F.3d 804, 810 (9th Cir.2003). As summarized by the Supreme Court:

> Where the action is *in rem* the effect is to draw to the federal court the possession or control, actual or potential, of the res, and the exercise by the state court of jurisdiction over the same res necessarily impairs, and may defeat, the jurisdiction of the federal court already attached. The converse of the rule is equally true, that where the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction.

*Kline v. Burke Construction Co.,* 260 U.S. 226, 229 (1922).

If the action is not "`*strictly* in personam," that is, if the action is *in rem* or *quasi in rem,* then the doctrine ordinarily applies. *Penn. Gen. Cas. Co. v. Pennsylvania ex rel. Schnader,* 294 U.S. 189, 195 (1935). Here, the state court has jurisdiction over the *rem* as it involves land court property and the attempted enforcement of a void mortgage and promissory note recorded against land court property and the related claims, quiet title, and the enforcement and interpretation of land court rules.

Whether the doctrine is described as a rule of comity or subject matter jurisdiction, (*Metro. Finance Corp. of Cal. v. Wood,* 175 F.2d 209, 210 & n. 3 (9th Cir. 1949) (comity)); *Maryland Casualty Co. v. Witherspoon,* 973 F.Supp 1178 (CD CA 2014) (subject matter jurisdiction), courts in this circuit are bound to treat the doctrine as a mandatory rule, not a matter of judicial discretion, *State Engineer,* supra at 810; *United States v. One 1985 Cadillac Seville,* 866 F.2d 1142, 1145 (9th Cir.1989). If the doctrine applies, federal courts may not exercise jurisdiction. *Id.* at 1146; *40235 Washington Street Corp. v. Lusardi,* 976 F.2d 587, 589 (9th Cir. 1992).

Defendant has a quiet title claim pending in State Court. Courts have described quiet title actions as *in rem,* (*Id.*) and *quasi in rem,* (*Humble Oil & Ref. Co. v. Sun Oil Co.,* 191 F.2d 705, 718 (5th Cir.1951). Where a court of equity is empowered to cancel a deed and establish title to land within its jurisdiction by

mere force of its decree, to that extent its action is *in rem. See HRS 501-2.*

The state court case is substantially a proceeding *in rem.* Its direct object is to reach and potentially dispose of the property of the parties described in the amended verified complaint. The decree of the state court would be in substantial part a decree *in rem.*

In *Sexton v. NDEX WEST, LLC*, 713 F. 3d 533, 536 (9th Cir. 2013) the Ninth Circuit Court stated:

> Under the Supreme Court's long-standing prior exclusive jurisdiction doctrine, if a state or federal court "'has taken possession of property, or by its procedure has obtained jurisdiction over the same,'" then the property under that court's jurisdiction "'is withdrawn from the jurisdiction of the courts of the other authority as effectually as if the property had been entirely removed to the territory of another sovereign.'" *State Engineer v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians,* 339 F.3d 804, 809 (9th Cir.2003) (emphasis omitted) (quoting *Palmer v. Texas,* 212 U.S. 118, 125, 29 S.Ct. 230, 53 L.Ed. 435 (1909)). That is, when "one court is exercising *in rem* jurisdiction over a res, a second court will not assume *in rem* jurisdiction over the same *res.*" *Chapman,* 651 F.3d at 1043 (internal quotation marks omitted). As we have explained, "[t]he purpose of the rule is the maintenance of comity between courts; such harmony is especially compromised by state and federal judicial systems attempting to assert concurrent control over the res upon which jurisdiction of each depends." *United States v. One 1985 Cadillac Seville,* 866 F.2d 1142, 1145 (9th Cir. 1989) (citing *Penn Gen. Cas. Co. v. Pennsylvania ex rel. Schnader,* 294 U.S. 189, 195, 55 S.Ct. 386, 79 L.Ed. 850 (1935)).

The Court went further and stated:

> In *Colorado River,* the Supreme Court reviewed its precedent and derived a list of factors that weighed in favor of dismissing a federal suit "due to the presence of a concurrent state proceeding." *Id.* Specifically, federal courts should consider: "(1) whether either the state or federal court has exercised jurisdiction over a *res;* (2) the inconvenience of the federal forum; (3) the

desirability of avoiding piecemeal litigation; and (4) the order in which the forums obtained jurisdiction." *40235 Washington St. Corp. v. Lusardi,* 976 F.2d 587, 588 (9th Cir.1992) (citing *Colorado River,* 424 U.S. at 818, 96 S.Ct. 1236). Relevant here, the Supreme Court derived the first factor from cases applying the prior exclusive jurisdiction doctrine. See, *Colorado River,* 424 U.S. at 818, 96 S.Ct. 1236 (collecting cases).

Consistent with those principles, we have held that where there are "pending state court proceedings" involving a single property, the first *Colorado River* factor bars us from exercising jurisdiction over that property because "the forum first assuming custody of the property at issue has exclusive jurisdiction to proceed." *Lusardi,* 976 F.2d at 588-89; *see also id.* at 589 (holding that when the *Colorado River* first factor is applicable, it is "dispositive," and consideration of the other factors is unnecessary).

*Id.* at 537-538.

Abstension

A number of factors weigh in favor of abstension, including the risk of duplicative litigation, forum shopping, and needless entanglement between federal and state courts. *See Smith v. Lenches,* 263 F.3d 972, 977-78 (9th Cir. 2001). This position is supported by the fact that CHASE initially had its choice of federal or state forums. *see also Kaufman v. Kaye,* 466 F.3d 83, 86 (2d Cir. 2006) (holding that abstension was required where the relief sought would be overly "intrusive in the administration of the New York court system"). Finally, the fact that a lawsuit is one "with no compelling federal interest (e.g., a diversity action)" may also weigh in favor of a stay. *Witherspoon*, 993 F.Supp.2d 1178, 1183 (C.D. Cal 2014).

Under the doctrine first articulated in *Younger v. Harris,* 401 U.S. 37 (1971), federal courts must abstain from hearing cases that would interfere with pending

state court proceedings that implicate important state interests. *Potrero Hills Landfill, Inc. v. County of Solano,* 657 F.3d 876, 881 (9th Cir. 2011) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)).

"Absent `extraordinary circumstances,' abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Hirsh v. Justices of Supreme Court of California,* 67 F.3d 708, 712 (9th Cir. 1995). Abstention is appropriate where the federal action enjoins the state court proceedings or has the practical effect of doing so. *AmerisourceBergen Corp. v. Roden,* 495 F.3d 1143, 1149 (9th Cir. 2007). "A federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Meredith v. Oregon,* 321 F.3d 807, 818 (9th Cir. 2003).

The state court proceedings are ongoing, they implicate important state interests related to the enforcement of Land Court rules and laws and title to land, and that they provide CHASE an adequate opportunity to litigate any federal claims (of which it has not asserted any). Furthermore, exercising jurisdiction over this case would have the practical effect of enjoining the state court proceedings

especially in light of the fact that the case is ready to proceed to trial. Thus, it is appropriate to abstain under *Younger.*

Colorado River

The Supreme Court has held that under exceptional circumstances, a federal district court may decline to exercise or postpone the exercise of its jurisdiction when there are concurrent state and federal suits, and when doing so would promote wise and sound judicial administration, including the conservation of judicial resources and the avoidance of piecemeal litigation. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). In order for the court to abstain from exercising jurisdiction under *Colorado River,* there must be a parallel or substantially similar proceeding in state court. *Sec. Farms v. Int'l Broth. of Teamsters, Chauffers, Warehousemen & Helpers,* 124 F.3d 999, 1009 (9th Cir. 1997) "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *New Beckley Min. Corp. v. Int'l Union, United Mine Workers of Am.,* 946 F.2d 1072, 1073 (4th Cir. 1991).

The Supreme Court and the Ninth Circuit have identified a nonexclusive list of relevant factors for determining whether exceptional circumstances exist to justify invoking *Colorado River* abstention. These factors include: (1) whether either court has assumed jurisdiction over a res, or property at issue; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; (4)

the order in which the forums obtained jurisdiction; (5) whether state or federal law

controls; and (6) whether the state proceeding is adequate to protect the parties'

rights. *See Colorado River,* supra at 818; *Moses H. Cone Memorial Hospital v.*

*Mercury Construction Corp.,* 460 U.S.1, 25-26 (1983). "These factors are to be

applied in a pragmatic and flexible way, as part of a balancing process rather than

as a mechanical checklist." *American International Underwriters, Inc. v.*

*Continental Insurance Co.,* 843 F.2d 1253, 1257 (9th Cir. 1988).

As an initial matter, there can be no contention that the state action is not

substantially similar to the present federal action because each lawsuit relates to

the same property and mortgage documents. CHASE admits that the state court

action is related in its Civil Cover Sheet filed on December 11, 2015 with this

Court. The majority of remaining *Colorado River* factors also weigh in favor of

abstention.

1. Jurisdiction Over A *Res*

The first factor, whether a court has asserted jurisdiction over property related to

the actions, favors, and in fact requires abstention. The state court by its

jurisdiction over land court property and HRS 501-1 has asserted jurisdiction over

the *res,* that property that is the subject of the mortgage and promissory note. The

promissory note refers to the mortgage. Both documents are recorded and being

contested as void in state court as it pertains to the *res*. Thus, there is tangible

physical property in dispute as referred to in *Colorado River* that the state court has asserted jurisdiction over in excess of 4 years.

### 2. Relative Convenience Of The Forums

The second factor, relative convenience of the forums, is largely irrelevant because both forums are located in Hawaii and should be equally convenient. Thus, this factor does not weigh in favor of, or against, abstention.

### 3. Desirability Of Avoiding Piecemeal Litigation

The third factor, advising against piecemeal litigation, weighs in favor of abstention. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *American International Underwriters,* supra at 1258. The pending state court case involves multiple defendants, numerous claims, including claims that go to the very heart of the State's Land Court Rules, a claim for quiet title, and for declaratory relief, that all present complex state tort and land court issues. The state court has heard several motions for summary judgment and been involved in two settlement conferences. The state court case has been subject to court ordered mediation. It is a reasonable conclusion to believe that the state court is more familiar with the many aspects of this dispute than this Court. If this Court were to exercise jurisdiction, it would have to revisit and decide many issues that have already been raised in state court, requiring duplicative effort and creating a

significant possibility of inconsistent results. *See Ryder Truck Rental, Inc. v. Acton Foodservices Corp.,* 554 F.Supp. 277, 281 (C.D.Cal.1983); *American International Underwriters,* supra at 1254. The third *Colorado River* factor therefore weighs in favor of abstention.

4. Order In Which The Forums Obtained Jurisdiction

The fourth factor involves the order in which the forums obtained jurisdiction. Here, there is no doubt that Defendant filed his action in state court approximately 4 years before CHASE filed its complaint in federal court. The state action has progressed light years beyond this action; answers have been filed, extensive discovery taken, motions filed and decided. Here, Defendant has not yet answered CHASE's complaint in the federal action. This factor weighs heavily in favor of abstention.

5. Whether State or Federal Law Controls

The fifth factor, whether state or federal law controls, weighs heavily in favor of abstention. Plaintiff's claims in this case are brought pursuant to state law. As in *Commercial Casualty v. Swarts,* 616 F.Supp.2d 1027, 1036 (D. Nevada 2007) "the state court is in a better position to resolve issues involving [Hawaii] law and this court's federal law expertise is not needed to resolve this dispute." Based on the complex legal issues surrounding land court rules and laws presented here, it

would be a misuse of judicial resources to occupy this Court in a duplicative proceeding when it is clear that the state court is well-prepared to proceed.

6. Whether The State Proceeding Is Adequate To Protect The Parties' Rights

The sixth factor asks whether the "parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone Memorial Hosp.,* supra at 28. The state action is an adequate vehicle for prompt resolution because the state court action fully encompasses the issues in the federal court action, including all the various related parties. The federal court action does not fully encompass the state court action. Also, because the other plaintiff in the state court action is not a named party in this action, the federal court action "cannot adequately protect the rights of Defendant to fully litigate his rights and obligations under state law regarding the promissory note and mortgage since CHASE claims it concerns res that is held by tenancy by the entirety.

Accordingly, the state court action is most likely to promote "complete and prompt resolution of the issues between the parties." *Id.* Moreover, CHASE cannot rely on any reason why the state court action would not protect its rights. *See R.R. Street & Co. Inc. v. Transp. Ins. Co.,* 656 F.3d 966, 981 (9th Cir. 2011); *see also Holder v. Holder,* 305 F.3d 854, 869 n.5 (9th Cir. 2002). This factor therefore weighs in favor of abstention.

7. Other Relevant Factors

The seventh "unofficial" factor asks whether either action represents a party's attempt to engage in forum shopping. "To avoid forum shopping, courts may consider `the vexatious or reactive nature of either the federal or the state litigation.'" *R.R. Street & Co, supra* at 981. Forum shopping weighs in favor of a stay when the party opposing the stay seeks to avoid adverse rulings made by the state court or to gain a tactical advantage from the application of federal court rules. *See Travelers,* supra at 1370. (citing *Nakash v. Marciano,* 882 F.2d 1411, 1417 (9th Cir. 1989) (avoidance of adverse rulings) and *American International, supra* at 1259; *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts,* 915 F.2d 7, 15 (1st Cir.1990). This factor weighs heavily in favor of abstension.

Under the *Colorado River* Doctrine, a federal district court may decline to exercise its jurisdiction in deference to a "parallel" state proceeding. *See Moses H. Cone supra at* 17 n. 20; *Morisada Corp. v. Beidas,* 939 F.Supp. 732 (D. HI 1995). The doctrine is an "extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colorado River,* supra at 813. The *Colorado River* doctrine is based on the promotion of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817; see also, *Travelers Indem. Co. v. Madonna,* 914 F.2d 1364, 1367 (9th Cir.1990).

The State case involves contract and tort issues and like *Colorado River* where important real property rights were at stake and where there was a substantial danger of inconsistent judgments. Here there is a "vastly more comprehensive" state action that can adjudicate the rights of many parties or the disposition of the property.... *Travelers,* supra at 1369.

In this Circuit, the *Colorado River* doctrine requires that the pending state court proceeding resolve all issues in the federal suit. This dispositive requirement is met in the pending state court action. See, *Holder v. Holder*, 305 F. 3d 854 (9th Cir. 2002).

When a district court decides to dismiss under *Colorado River,* it concludes that the parallel state-court litigation will be adequate for the complete and prompt resolution of the issues between the parties. "Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Moses H. Cone,* supra at 28.

Additionally*, Younger v. Harris* abstention is appropriate in cases involving "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584 (2013). The state court proceedings do impact the ability of the Hawaii state court's to perform its functions. It involves application

of Land Court rules and statutes affecting recordation by the State of Hawaii, and

its practices and procedures, that will have a much wider impact than just

Defendant's claims. If Defendant prevails in state court, it could call into question

the recordation in Land Court of thousands of mortgages and liens.

The rights of the defendant and plaintiff herein are governed completely by

state law, a factor on which expressly supports the doctrine. They do not arise

under federal law. see, *e. g., Smith* v. *Kansas City Title & Trust Co.,* 255 U. S. 180

(1921); *Hopkins* v. *Walker,* 244 U. S. 486 (1917). An action by CHASE to enforce

an alleged contract does not present a federal question.

In *Noel v. Hall*, 341 F. 3d 1148, 1159-1160 (9th Cir. 2003) the Court stated:

"The inefficiencies produced by the rule permitting simultaneous litigation
in state and federal court are mitigated by a number of abstention doctrines
that permit, and often require, a federal court to abstain in favor of state
court litigation. They include *Younger* abstention, after *Younger v. Harris,*
401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Pullman* abstention, after
*Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643,
85 L.Ed. 971 (1941); *Burford* abstention, after *Burford v. Sun Oil Co.,* 319
U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); and *Colorado River*
abstention, after *Colorado River Water Conservation District v. United
States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). In addition, a
federal court may stay its proceedings based on comity even when none of
the abstention doctrines requires that it do so. *See Deakins v. Monaghan,* 484
U.S. 193, 202-03, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988). These doctrines
ensure that a decision by a federal court to proceed, abstain, or stay in the
face of parallel state court litigation will be made only after considering a
number of case- and doctrine-specific factors."

Federal courts will abstain if the state proceeding 1) is currently pending, 2)

involves an important state interest, and 3) affords the petitioner an adequate

opportunity to raise constitutional claims. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). All three factors are satisfied in the pending state court action.

Rooker-Feldman

The basic premise of *Rooker-Feldman* is that "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall,* 341 F.3d 1148, 1154 (9th Cir. 2003). For example, in *Partington v. Gedan,* 961 F.2d 852 (9th Cir.1992), the Hawaii Supreme Court found that Partington had violated a state court rule and assessed a $50 fine, payable to the discretionary fund of the dean of the Hawaii Law School. Partington then brought suit in federal district court claiming that the state order violated several of his constitutional rights by levying and collecting the fine," and sought a return of the $50. *Id.* at 857. Relying on *Feldman,* the Court wrote that Partington "asked the district court to review a specific state court decision interpreting a state court rule," and held that the district court had no subject matter jurisdiction under *Rooker-Feldman. Id.* at 865. This is in effect what plaintiff is asking this Court to do, i.e. to overrule or enjoin the state court's order regarding counterclaims.

The Supreme Court's decisions in *Rooker* and *Feldman,* fall into a relatively clear pattern: It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed

by the state court, and seeks relief from the judgment of that court. *Gottfried v. Med. Planning Servs., Inc.,* 142 F.3d 326, 330 (6th Cir.1998).

If issues presented in a federal suit are "inextricably intertwined" with issues presented in a forbidden de facto appeal from a state court decision, *Rooker-Feldman* dictates that those intertwined issues may not be litigated. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 483, n. 16 (1983).

<u>Conclusion</u>

Based upon the foregoing points and authorities, it is respectfully requested that the complaint herein be dismissed with prejudice.

DATED: <u>Kāne`ohe, Hawai`i, January 14, 2016.</u>

STACY MONIZ

Defendant Pro Se