IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., | CIVIL NO. 15-00512 DKW-BMK |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S** |
| vs. | **MOTION TO DISMISS** |
| STACY MONIZ, | |
| Defendant. | |

## ORDER GRANTING DEFENDANT'S
## MOTION TO DISMISS

Plaintiff JPMorgan Chase Bank, N.A. filed a breach of contract claim against Defendant Stacy Moniz on December 11, 2015, alleging that Moniz defaulted on a 2005 loan agreement.  Dkt. No. 1.  Because this breach of contract claim arises out of the same transaction or occurrence that is the subject of Moniz's still-pending state court complaint filed four years ago, it is a compulsory counterclaim that must be brought, if it all, in that prior proceeding.  Accordingly, the Court GRANTS Moniz's Motion to Dismiss.

## BACKGROUND

**I.    State Court Action (Civil No. 11-1-2733-11 KTN)**

On April 9, 2012, Moniz and his wife, Bonny Moniz, filed an Amended Verified Complaint ("AVC") in the First Circuit Court for the State of Hawaii

("Circuit Court): *Moniz v. Chase, et al.*, Civil No. 11-1-2733-11 KTN.  Exh. A, Dkt. No. 10-3.[1]  In the AVC, Mr. and Mrs. Moniz allege various claims, including fraud, unjust enrichment, quiet title, and declaratory relief.  *Id.*  The claims stem from allegations that certain Mortgage Loan Documents that the Moniz's executed on November 9, 2005 with Chase's predecessor-in-interest are void and unenforceable.  *See id.* at 30.  The AVC defines the "Mortgage Loan Documents" as including "the Mortgage, the Fixed Rate Rider, the Note and the Signature Name Affidavit."  *Id.* at  4.  Among the named defendants in that action is Chase Home Finance LLC, now JPMorgan Chase Bank, N.A.  Dkt. No. 10-1 at 4.

After an entry of default was entered against Chase for failure to reply in a timely fashion, Chase moved to set aside the default.  Exh. B, Dkt. No. 10-4.  By order dated October 2, 2012, the state court ordered Chase to file its responsive pleading and "any counterclaims" by October 4, 2012.  *Id.* at 2.  Chase filed its responsive pleading on October 4, 2012, but did not allege any counterclaims against Mr. and Mrs. Moniz.  Exh. C, Dkt. No. 10-5.

On April 22, 2014, Chase filed a Motion for Leave to file Counterclaim and Third Party-Complaint for Foreclosure, Quantum Meruit, and Equitable Lien,

---

[1]Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of Moniz's Exhibits A through F and H through J, which are public records.  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (providing that a court may "take judicial notice of matters of public record outside the pleadings and consider them for purposes of a motion to dismiss") (quotations omitted).

which the state court denied without prejudice.  Exhs. D, E, Dkt. Nos. 10-6, 10-7.

The state court action remains pending.

## II.   <u>Federal Court Action (Civil No. 15-00512 DKW-BMK)</u>

On December 11, 2015, during the pendency of the state court action, Chase

filed a one-count breach of contract claim in this Court against Moniz, alleging that

Moniz had defaulted on a 2005 loan that was memorialized by an Interest First

Adjustable Rate Note, the same promissory note referenced in Moniz's state court

action as among the Mortgage Loan Documents.  Dkt. No. 1 ("Complaint").

Specifically, the Complaint alleges in relevant part:

> 6.    On or around November 9, 2005, Mr. Moniz obtained a $483,000 loan ("Subject Loan") from lender PHH Mortgage Corporation ("PHH").  The Subject Loan was memorialized by an Interest First Adjustable Rate Note ("Subject Note"), which was executed by Mr. Moniz.  The Subject Note details Mr. Moniz's repayment obligations and the consequences that may result from default. . . .

> 7.    Chase (or its duly-authorized agent) currently possesses the original Subject Note.  The original Subject Note bears a blank endorsement from PHH.  As the bearer of the original Subject Note, Chase is entitled to enforce the contract.

> 8.    Mr. Moniz made payments on the Subject Note for more than four years, but has not made any payments on the Subject Note since on or about March 1, 2010.  Mr. Moniz is in default, as he has failed to make payments as required by the Subject Note for the past five years and nine months.

Complaint ¶¶ 6-8 (footnote omitted).

In a footnote, Chase states:

> As security for the repayment of the Subject Loan and the performance and observance of Mr. Moniz's obligations under the Subject Note, Mr. Moniz executed a Mortgage dated November 9, 2005.  The Mortgage lists Mr. Moniz and Bonny Kanani Onaona Moniz as "borrowers," PHH Mortgage Corporation as the "lender," and Mortgage Electronic Registration Systems, Inc. as the nominal mortgagee.  The Mortgage encumbers Mr. and Mrs. Moniz's real property . . . .

On January 14, 2016, Moniz filed the instant motion, asserting that this Court should dismiss this action because, contrary to Chase's representation in the Complaint, both the Note and the Mortgage are at issue in the state court action. Dkt. Nos. 10, 10-1.  As such, Moniz argues that Chase's breach of contract claim premised on the Note should have been brought as a compulsory counterclaim in the state court action.  Dkt. No. 10-1 at 8-14.  Moniz also raises alternative arguments relating to abstention.  Dkt. No. 10-1 at 17-28.

On February 2, 2016, Chase filed its opposition, asserting that Chase's breach of contract claim is not a compulsory counterclaim and that abstention is inappropriate.  Dkt. No. 14.

On February 22, 2016, Moniz filed his reply, attaching as an exhibit a motion that Chase had filed in the state court action on December 2, 2015, entitled "Motion for Summary Adjudication on Enforceability of the Subject Note."  Dkt. No. 17; Exh. J.  Thereafter, Chase moved to strike Moniz's reply as untimely and improper.  Dkt. No. 19.

4

On March 4, 2016, the Court held a hearing on Moniz's Motion to Dismiss. Dkt. Nos. 20-21.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for failure to state a claim upon which relief can be granted.  Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 555 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*.

Under Rule 12(b)(6), review is generally limited to the contents of the complaint.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996).  However, courts may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Accordingly, the Court takes judicial notice of the fact of the filing or issuance of the publicly recorded documents attached to Moniz's Motion to Dismiss and Reply.[2]

---

[2]The Court denies Chase's request to strike Moniz's reply brief and exhibits attached thereto.

## DISCUSSION

"Hawaii state law governs the preclusive effect of the failure to raise a compulsory counterclaim in an earlier state court action." *Peelua v. Impac Funding Corp.*, Civil No. 10-00090 JMS/KSC, 2011 WL 1042559, at *10 (D. Haw. Mar. 18, 2011) (citing *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987)).  Under Hawaiʻi law, "where a defendant has had the opportunity but has failed to assert a compulsory counterclaim in an action, Rule 13(a) estops him from asserting such claim in a subsequent action." *Bailey v. State*, 57 Haw. 144, 148, 552 P.2d 365, 369 (1976).  Hawaii Rule of Civil Procedure 13(a), which defines a compulsory counterclaim, is substantively identical to its federal counterpart.  This compulsory counterclaim provision provides in relevant part:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, *if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim* and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Haw. R. Civ. P. 13(a) (emphasis added).

Similar to this circuit, Hawaiʻi applies the "logical relationship" test to determine whether two claims arise out of the same "transaction or occurrence." *See Booth v. Lewis*, 8 Haw. App. 249, 253, 798 P.2d 447, 449 (1990).  "Under Hawaii law, a counterclaim is compulsory if there is a logical relation between the

6

original claim and the counterclaim-i.e., it arises out of the same aggregate of operative facts as the original claim." *Eastern Savings Bank, FSB v. Esteban*, 129 Hawaii 154, 161 n.13, 296 P.3d 1062, 1069 n.13 (2013) (citing Haw. R. Civ. P. 13(a)). "This flexible approach to Rule 13 problems attempts to analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Pochiro*, 827 F.2d at 1249 (internal quotations marks and citation omitted); *see also Bailey*, 57 Haw. at 148, 552 P.2d at 368 (noting that the rationale behind Rule 13(a) was "to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters").

Applying this test, the Court concludes that Chase's breach of contract claim before this Court is logically related to Moniz's state court claims because Chase's claim "arises out of the same aggregate of operative facts as [Moniz's] original claim[s]." *Eastern Savings Bank,* 129 Hawai'i at 161 n.13, 296 P.3d at 1069 n.13. As a preliminary matter, both Moniz and Chase are parties to both the state and federal court actions, and Chase's breach of contract claim had matured by the time Moniz initiated his state court action several years ago. Chase argues that only the Mortgage, not the Note, is at issue in the state court case. That contention, however, represents too narrow a reading of the AVC. The AVC makes clear that Moniz is contesting the validity, and therefore the enforceability, of the Mortgage

7

Loan Documents, which are broadly defined as including "the Mortgage, the Fixed Rate Rider, *the Note* and the Signature Name Affidavit." AVC ¶ 19 (emphasis added). The allegations contained in the AVC make equally clear that the Note is at issue because it contains claims of fraud (Count III) and, as Moniz highlights, "unjust enrichment [(Count IX)] which could only arise from [Moniz's] payments made to CHASE pursuant to the mortgage and the Note." Dkt. No. 17 at 9.

Moreover, if any doubt existed, Chase's December 2, 2015 motion filed in the state court action makes it explicit that the enforceability of the Note is, in fact, at issue.[3] *See* Exh. J, Dkt. No. 17-3. In the motion, Chase acknowledges, in relevant part:

> [Mr. and Mrs. Moniz] seek "a judgment that the Mortgage Loan Documents dated November 9, 2005 are void and unenforceable." (AVC pg. 30). The AVC defines the term "Mortgage Loan Documents" to include the mortgage, the fixed rate rider attached to the mortgage, the note secured by the mortgage, and Stacy's Signature Name Affidavit. (AVC ¶ 19).

*Id*. at 5. The Court finds it curious that, while maintaining before this Court that the Note is not at issue in the state court action, Chase is actively seeking before the state court "summary adjudication on the issue of whether the note secured by the mortgage is 'void and unenforceable'". *Id*. It is difficult, if not impossible, to

---

[3]The out-of-circuit cases relied on by Chase do not have any bearing on the result here, as they do not present factually similar circumstances. *See* Dkt. No. 14 at 13-16 (citing *Wells Fargo Bank, N.A.*, 20 N.E.3d 1236 (Ohio Ct. App. 2014); *Bauman v. Bank of Am., N.A.*, 808 F.3d 1097 (6th Cir. 2015); *Valencia v. Anderson Bros. Ford*, 617 F.2d 1278 (7th Cir. 1980), *rev'd on other grounds*, 452 U.S. 205 (1981)).

comprehend how the enforceability of the Note is not at issue in the state court action when Chase itself is asking the state court to rule on the Note's enforceability.   If this action was to proceed, there could be, and indeed, there likely would be, an imminent risk of inconsistent rulings and duplicative litigation, precisely the outcomes that Rule 13(a) seeks to avoid.

In sum, there is clearly a logical relationship between Moniz's Complaint in the state court action and Chase's present Complaint, such that all claims should be tried together in the interests of judicial economy and fairness.[4]   Because Chase failed to raise a counterclaim asserting breach of the Note in the state court action, the compulsory counterclaim rules bar it from raising that claim now in this action.[5]

//               //


//               //

---

[4]On March 11, 2016, Chase notified this Court that it had filed in the state court action a Motion for Clarification of Intended Scope of October 2, 2012 Order and Contingent Motion for Leave to Amend Answer and File Counterclaim for Breach of Contract on Promissory Note.  Dkt. No. 22.  The Court takes no position as to whether the state court should grant Chase leave to file its breach of contract claim as a counterclaim.
[5]Because of the grounds for dismissal, the Court need not reach other arguments presented in Moniz's motion, including those addressing abstention.

## <u>CONCLUSION</u>

For the foregoing reasons, Moniz's Motion to Dismiss is hereby

GRANTED.  The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

DATED:  March 29, 2016 at Honolulu, Hawai'i.



_____
Derrick K. Watson
United States District Judge

_JPMorgan Chase Bank, N.A. v. Moniz_; CV 15-00512 DKW-BMK; ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS