UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| JPMorgan Chase Bank, N.A.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Stacy Moniz,<br><br>　　　　Defendant. | CIVIL NO. 15-00512-DKW-BMK<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

I. Background

Plaintiff JPMorganChase Bank, N.A. ("Chase") chose to file a one count complaint for breach of contract in the U.S. District Court for the District of Hawaii on December 11, 2015. Defendant Stacy Moniz ("Moniz") filed a motion to dismiss the complaint pursuant to FRCP Rules 12(b)(1) and 12(b)(6) on January 14, 2016. It was made plainly clear in Moniz's motion and reply that the relief he was requesting was a granting of his motion dismissing the complaint with prejudice. See Declaration of Stacy Moniz.

Chase filed its Opposition on or about February 12, 2016. It did not request any prayer for relief that included asking the court if that it was inclined to grant the motion to dismiss, that it do so without prejudice or grant it leave to amend the complaint. CHASE could have voluntarily dismissed its complaint prior to a ruling on Moniz's motion but chose not to. Chase simply opposed the motion and

1

requested that it be denied. See Declaration of Stacy Moniz. Moniz filed a Reply on or about February 22, 2016 again requesting a dismissal with prejudice.

At the hearing of the motion to dismiss the complaint on March 4, 2016, counsel for Chase at no time made the argument to the court that if it was inclined to grant the motion that it should do so without prejudice. Further, Chase again never sought leave to amend its complaint. The District Court took the matter under advisement. Subsequent to the hearing, on March 11, 2016, Chase submitted to the District Court an unfiled state court Motion for Clarification of Intended Scope of October 2, 2012 Order and Contingent Motion for Leave to Amend Answer and File Counterclaim for Breach of Contract on Promissory Note. Defendant was never notified that a properly filed motion was ever submitted to the court. See Declaration of Stacy Moniz.

After careful consideration of all the pleadings, including Chase's unfiled motion in state court referenced above (which would be improper since no filed copy was ever submitted to Defendant's knowledge), the District Court granted Moniz's motion to dismiss pursuant to Rule 12(b)(6). It did not grant the motion to dismiss without prejudice. It entered its Order and Judgment on March 29, 2016 without distinguishing that the Judgment was without prejudice. Chase filed its notice of appeal on April 27, 2016. Chase did not file a motion pursuant to FRCP Rule 59(e) to correct or alter the judgment. There is nothing in the record to

evidence that Chase ever requested that the dismissal be without prejudice or that the Court intended to grant as such.

This court entered an amended judgment and order on October 25, 2016 adding the "without prejudice" language pursuant to Rule 60(a) at the request of Chase. Defendant was never given an opportunity to be heard. This was a denial of substantive and procedural due process and equal protection as provided for by the United States Constitution.

Moniz seeks relief pursuant to FRCP 59(e) and 60(b) that the order and judgment in this matter be further amended/altered to include the language that the dismissal is with prejudice.

## II. Applicable Rules of Law

FRCP Rule 41(b) states in part:

> INVOLUNTARY DISMISSAL; EFFECT. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule....operates as an adjudication on the merits.

FRCP Rule 59(e) states:

> (e) MOTION TO ALTER OR AMEND A JUDGMENT. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

FRCP Rule 60(b) states:

> (b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

3

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Rule 59(e) authorizes motions to alter or amend a judgment. In the Ninth Circuit, a successful motion for reconsideration under Rule 59(e) must accomplish two goals. First, it must demonstrate some reason that the Court should reconsider its prior decision. Second, it must set forth facts or law to induce the Court to reverse its prior decision. See *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006); *Na Mamo O`Aha `Ino v. Galiher*, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999).

Rule 60(b) of the Federal Rules of Civil Procedure permits relief from final judgments, orders, or proceedings. Such a motion may be granted on any one of six grounds:

"(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

Rule 60(b) reconsideration is generally appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. *School District No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

Chase claimed that this court committed a clerical mistake or oversight by not including the phrase "without prejudice" in its order and judgment. The court has agreed with this position. This position however is legally and factually erroneous. There is no record whatsoever to warrant such a change. Chase never requested a dismissal without prejudice at any time in the proceedings before the court. To the contrary, Moniz specifically prayed for a dismissal with prejudice. Chase was on notice from the time of the filing of Moniz's motion to dismiss that he was requesting a dismissal with prejudice. Chase is represented by very experienced counsel and it intentionally waived its opportunity to request a dismissal without prejudice. An attorney's mistakes (or omissions) do not meet the standard "because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must `bear the risk of attorney error.'" *Maples v. Thomas*, 132 S. Ct. 912, 929 (2012); *See also, Link v. Wabash R. Co.*, 370 U.S. 626, 633-634, and n. 10, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The client bears the risk of all attorney errors made in the course of the

representation, regardless of the egregiousness of the mistake. See, *Coleman v. Thompson,* 501 U.S. 722, 753-754, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

The prior record does not provide any basis for a clerical mistake or oversight either from Chase or the court. The court granted Moniz's motion to dismiss which prayed for a dismissal with prejudice. The order and judgment were duly entered by the clerk. The entry of action appears to have been duly entered upon the minutes of the court. The court rendered a judgment on the merits pursuant to FRCP Rue 12(b)(6). Chase could have utilized FRCP Rule 59(e) to amend or alter the judgment, but waived it. There was no mistake or oversight within the meaning of Rule 60(a). The judgment intended to be entered was, in fact, entered. Nothing was left out which could have been intended to be made a matter of record especially since the issue raised by Chase of "without prejudice" was never raised either in writing or orally before this court.

What Chase has established is an illusion. Chase had 28 days after the entry of the judgment to file a Rule 59(e) motion. Moreover, the court itself had approximately 30 days (prior to the notice of appeal) to correct any clerical mistakes or oversight in the judgment pursuant to FRCP Rule 60(a) and it obviously chose not to do so. The court gave careful consideration to each party's position as it took the motion under advisement after the hearing. Moniz is pro se,

and even with some leeway granted him because of that, he must still adhere to the applicable rules. One would only expect the same from Chase and its counsel.

III. The Law

A dismissal pursuant to FRCP Rule 12(b)(6) constitutes an adjudication on the merits under FRCP 41(b) if the court does not otherwise specify. *See In re Jee, 799 F.2d 532,* 534 n. 2 (9th Cir.1986) (treating order involuntarily dismissing action, which did not otherwise specify, as adjudication on merits under FRCP 41(b)); *See also* 9 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2373 (2008).

The court had the discretion to provide that the dismissal was without prejudice even in the absence of a request. Once a final judgment was entered that discretion vanished. The record reflects that it did not and it was not requested by Chase to do so until some seven months later. *See, In re Jee,* supra at 535 (9th Cir.1986); *Garamendi v. Henin,* 683 F.3d 1069, 1077 (9th Cir.2012); *In re Fricker,* 192 BR 388, 392 (Bankr., ED PA. 1996); 5 J. Moore, *FEDERAL PRACTICE,* ¶ 41.14, at 41-176 to 41-177 (2d ed. 1995).

The court entered a final judgment on the merits (the Amended Order and Judgment were also entered pursuant to Rule 12(b)(6)) . Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a "judgment on the merits." *Federated Dep't Stores v. Moitie,* 452 U.S. 394, 399 n. 3,

101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). As the Court said in *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946), "[i]f the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction."

Here, the district court's judgment simply stated that the action was dismissed and did not specify whether the suit was dismissed with or without prejudice. FRCP 41(b) states that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal ... other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." Therefore, under Rule 41(b) the dismissal/judgment entered herein was a final adjudication on the merits with prejudice. *See, Stewart v. US Bancorp,* 297 F. 3d 953 (9th Cir. 2002).

What Chase sought in its request to a FRCP Rule 60(a) motion was to have the court improperly change its mind and enter a new or altered judgment. With all due respect to the court, that unfortunately has been the result. Yet, there was no clerical error or oversight based upon the record. The result Chase sought is not allowed under the rules of court or legal precedent. The "clerical" errors that courts refer to are where the court errs in transcribing a judgment that contradicts the record or makes a computational mistake. *see Garamendi,* 683 F.3d at 1078, 1080.

The court granted the relief prayed for by Moniz without objection. Chase had a 28-day time limit for Rule 59(e) relief and chose not to pursue that remedy. There was no "blunder in execution" in the record that the court may try to correct, and even if so, the court cannot change its mind as Chase proposed. *Blanton v. Anzalone,* 813 F.2d 1574, n.2 (9th Cir. 1987).

The only relief requested was by SM, which was a dismissal with prejudice. If the judgment was without prejudice, no appeal would lie, yet Chase filed a notice of appeal. Therefore, the correction requested is baseless, has been waived, and would change the judgment's "operative, substantive terms." *See Garamendi,* 683 F.3d at 1080 ("[W]e must ... ensure that [the corrected judgment] did not change the operative, substantive terms of the original judgment."). No statement could be clearer in support of this motion: **"The question of whether the dismissal should have been without prejudice is one of law, and not subject to a 60(a) motion."** *Parks School of Business, Inc. v. Symington,* 51 F. 3d 1480, 1488 (9th Cir. 1995).

This Court needs no reminder that it must preserve the distinction between Rule 59(e) and Rule 60(a). Rule 59(e), which governs the filing of a motion to alter or amend a judgment, the phrase "`alter or amend' means a substantive change of mind by the court." *Miller v. Transam. Press, Inc.,* 709 F.2d 524, 527 (9th Cir.1983). In contrast, a court may not change its mind when relying on Rule

9

60(a). A court may not enter a judgment and then amend it under Rule 60(a) because it has reached a different conclusion. *See United States v. Griffin*, 782 F.2d 1393, 1397 (7th Cir.1986). CHASE's contention that the correction at issue here can be made pursuant to Rule 60(a) is unfounded and without merit.

The power to correct inadvertent ministerial errors may not be used as a guise for changing previous decisions. As held in *Gagnon v. United States*, 193 US 451,457-58 (1904):

> **This power to amend, too, must not be confounded with the power to create. It presupposes an existing record, which is defective by reason of some clerical error or mistake, or the omission or some entry which should have been made during the progress of the case, or by the loss of some document originally filed therein.** The difference between creating and amending a record is analogous to that between the construction and repair of a piece of personal property. If a house or vessel, for instance, be burned or otherwise lost, it can only be rebuilt, and the word "repair" is wholly inapplicable to its subsequent reconstruction. The word "repair," as the word "amend," contemplates an existing structure which has become imperfect by reason of the action of the elements, or otherwise. In the cases of vessels particularly, this distinction is one which cannot be ignored, as it lies at the basis of an important diversity of jurisdiction between the common law and maritime courts. . .
> **The power to recreate a record, no evidence of which exists, has been the subject of much discussion in the courts, and the weight of authority is decidedly against the existence of such power.** We have examined a large number of authorities upon this point, and while they do not altogether harmonize in their conclusions, the practice in some States being much more rigid than in others, **we have found none which supports the contention that a record may be created to take the place of one of which no written memorandum was made or entered at the time the original judgment was supposed to have been rendered.** [emphasis added].

As the *Gagnon* Court opined, "<u>the exercise of a power to recreate a record where no memorandum whatever exists of such record is evidently a dangerous one</u>. . . *Gagnon* supra at 458 [emphasis added].

10

"No principle is better settled," it was said in *Sibbald* v. *The United States*, 12 Pet. 487, 492, "or of more universal application, than that no court can reverse its own final decrees or judgments for errors of fact or law, after the term in which they have been rendered, unless for clerical mistakes; *Cameron* v. *McRoberts*, 3 Wheat. 591; *Bank* v. *Wistar*, 3 Pet. 431; or to reinstate a cause dismissed by mistake, *The Palmyra*, 12 Wheat. 1; from which it follows that no change or modification can be made, which may substantially vary or affect it in any material thing." See, *Wetmore v. Karrick*, 205 US 141,157 (1907). There can be no dispute that the amended judgment and order has substantially varied and affected in a material way the original judgment and order.

The Ninth Circuit's opinion in *McCalla v. Royal MacCabees Life Ins. Co.*, 369 F. 3d 1128 (9th Cir. 2004) is illustrative. "The primary question in this case is whether revising a judgment to include ['without prejudice'] is a correction of a clerical error within the meaning of Federal Rule of Civil Procedure 60(a), which sets no time limit within which correction must occur. We hold that such a motion is not a correction of a clerical error, but is instead an alteration or amendment of the judgment under Federal Rule of Civil Procedure 59(e), which requires that the motion be filed no later than ten days [now 28 days] after entry of the judgment." *Id.* at 1130.

Again, Chase could reasonably have raised a request for any dismissal to be without prejudice prior to the entry of judgment. It chose not to. CHASE could have voluntarily dismissed its complaint without prejudice prior to the Court ruling. It did not.

For Chase to be successful with a Rule 60(a) motion, it is required that the issue of the judgment being entered "without prejudice" must have been clearly and unambiguously expressed *before* the judge. Here it was not. This Court should have a further misgiving about allowing the use of FRCP Rule 60(a) in this case. Even if in some circumstances a motion to correct the record might be a sufficient vehicle for redressing an erroneous record, FRCP Rule 60(a) does not do the trick here. Here, no clerical mistake or error in the record appears. Chase simply asked for a denial of the motion. The only "oversight" was a failure by counsel to request in writing or orally on the record for any dismissal to be without prejudice or with leave to amend.

Failure to raise or brief an issue in a timely fashion constitutes waiver of the issue. *See Martinez v. Ylst,* 951 F. 2d 1153,1157 (9th Cir. 1991); *In re Riverside-Linden Investment Co.,* 945 F.2d 320, 324-25 (9th Cir. 1991). Where a party has failed both to object to a court's finding and to raise the issue until its opening brief is due in the appellate court, with the result that the issue is not adequately explored, waiver is appropriate. " *Arizona v. Components Inc.,* 66 F.3d 213, 217

(9th Cir.1995). *See Beech Aircraft Corp. v. United States,* 51 F.3d 834, 841 (9th Cir.1995) ("Because Plaintiffs could have raised this issue at or before trial and because they have not presented any valid reason for not having done so, we decline to consider Plaintiffs' ... argument."); Far from working an inequity, waiver in this case is necessary in order to *prevent* inequity.

Rule 60(a) is limited and may not be used to correct substantial errors, such as errors of law. *Waggoner v. R. McGray, Inc.,* 743 F.2d 643, 644 (9th Cir.1984) (per curiam); *Sanchez v. City of Santa Ana,* 936 F. 2d 1027, 1033 (9th Cir. 1990). For example, in *Sanchez* the court was allowed to invoke FRCP 60(a) because the Court had stated its intention on the record during the hearing, however, the corresponding language was not included in the order. Here, there is no record to cite to justify a amending the judgment/order to include "without prejudice." It is not abundantly clear; it is not somewhat clear; it is non-existent.

The court's modification went beyond the mere correction of a ministerial mistake, and consequently cannot be a Rule 60(a) correction. The court changed the whole legal effect of the judgment. Corrections under Rule 60(a) do not affect the underlying judgment. *In re Cobb,* 750 F.2d 477, 479 (5th Cir.1985). This was not a proper 60(a) motion. Rather, CHASE should have filed a motion under FRCP 59(e), and, since it did not, the district court lacked jurisdiction to amend the

judgment. *See Browder v. Director*, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978).

Cases under 60(a) verify that the Rule is concerned with "mistakes which do not really attack the party's fundamental right to the judgment at the time it was entered. *United States v. Stuart*, 392 F.2d 60, 62 (3d Cir.1968); *United States v. Kaye*, 739 F. 2d 488 (9th Cir. 1984). In *Kelley v. Bank Building and Equipment Corp.*, 453 F.2d 774, 778 (10th Cir.1972), the court stressed that the rule [60(a)] was for corrections rather than any "substantive change or amendment." Here it has been improperly used to obtain a substantive change and amendment. In *Huey v. Teledyne*, 608 F.2d 1234, 1237 (9th Cir.1979), *cert. denied*, 458 U.S. 1106, 102 S.Ct. 3484, 73 L.Ed.2d 1367 (1982), the Ninth Circuit characterized as a Rule 60(a) correction a district court's change in its order to reflect dismissal with prejudice, *where the change conformed the order to the court's previous oral ruling*. There is no oral ruling stating the dismissal would be without prejudice, and the change is substantive, not technical. As articulated by the dissent in *United States v. Kaye*, 739 F. 2d 488, 493 (9th Cir. 1984), "[I]n the civil context, Rule 60(b) provides for relief from final judgment for reasons including "mistake, inadvertence, surprise, or excusable neglect." "**This suggests that the relief provided in Rule 60(a) does not cover *judicial* inadvertencies.**" See also, *Dura-Wood Treating Co. v. Century Forest Industries*, 694 F.2d 112, 114 (5th Cir.1982)

14

(*rule applies where **record** makes apparent that the court intended one thing* but by merely clerical mistake or oversight did another). There is no record to rely on for the substantive change here.

Defendant moved for dismissal pursuant to Rules 12(b)(1) [no subject matter jurisdiction] and 12(b)(6) [failure to state a claim]. This court granted the motion pursuant to Rule 12(b)(6) obviously exercising subject matter jurisdiction. A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001); *Moddha Interactive v. Philips Electronic N. AM.*, 92 F.Supp. 3d 982 (D. Haw.2015). Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). This had to be the finding of this court in granting Defendant's motion. Because, to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Under the case law of this Circuit, "dismissal without leave to amend is improper unless it is clear.... that the complaint could not be saved by any amendment." *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1196 (9th Cir.1998). There was no leave to amend requested, and none was granted in the original judgment or the amended judgment.

15

A dismissal under FRCP 12(b)(6) is essentially a ruling on a question of law, not fact. *Yuba Consolidated Gold Fields v. Kilkeary*, 206 F.2d 884, 889 (9th Cir.1953); *North Star Intern. v. Arizona Corp. Com'n*, 720 F. 2d 578, 580 (9th Cir. 1983); *Parks School of Business, Inc. v. Symington*, 51 F. 3d 1480, 1481 (9th Cir. 1995); *Everest & Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir.1994). This court had to take all allegations of material fact in the complaint as true and construe them in the light most favorable to the nonmoving party. *Id.* The complaint was dismissed because Chase could prove no set of facts in support of its claim that would entitle it to relief. *Id.*

Because Moniz's motion was granted without leave to amend, the only conclusion is that the complaint could not be saved by any amendment. "Dismissal without leave to amend is improper unless it is clear,... that the complaint could not be saved by any amendment." *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir.1991); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F. 3d 1025 (9th Cir. 2008). In a line of cases stretching back over 60 years, the Ninth Circuit has held that in dismissing for failure to state a claim under Rule 12(b)(6), "a district court should grant leave to amend even if no request to amend the pleading was made, *unless it determines that the pleading could not possibly be cured by the allegation of other facts.*" [emphasis added]. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *see also Cook, Perkiss & Liehe, Inc. v. Northern Cal.*

*Collection Serv., Inc.*, 911 F.2d 242 (9th Cir.1990); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1990); *Noll v. Carlson*, 809 F.2d 1446 (9th Cir.1987); *Bonanno v. Thomas,* 309 F.2d 320 (9th Cir.1962); *Sidebotham v. Robison,* 216 F.2d 816 (9th Cir.1954). That determination is the result in both the original order and judgment, and the amended order and judgment.

Nearly seven months elapsed between the date the judgment was filed and the date Chase requested relief under 60(a). Far from objecting to the judgment through a 59(e) motion, Chase simply filed a notice of appeal. Chase, one of the largest banks in the world, represented by an army of attorneys, did not notice that the original dismissal was with prejudice under FRCP Rule 41? Highly unlikely. As a result, CHASE has waived the right to object to the fact that the dismissal was with prejudice. *See Animal Protection Inst. v. Hodel,* 860 F.2d 920, 927 (9th Cir. 1988).

The complaint was dismissed pursuant to a *noticed motion* under Federal Rule of Civil Procedure 12(b)(6), not sua sponte by the court, or by Plaintiff. The parties all understood the original dismissal to be a Rule 12(b)(6) dismissal with prejudice, i.e. Chase field a notice of appeal from a final judgment. A judgment entered without prejudice would not be subject to appeal. Chase could have moved for voluntary dismissal without prejudice prior to the hearing but did not. See *Neitzke v. Williams,* 490 U.S. 319, 329-30 109 S.Ct. 1827, 104 L.Ed.2d 338,

(1989) (Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled on . . . .).

The legal analysis is clear. At one end of the spectrum lies the voluntary dismissal by a plaintiff. Such a dismissal generally has no preclusive effect whatsoever, meaning a plaintiff in that situation would be free to recommence the same action in another court or even in the same court. At the other end of the spectrum lies the dismissal for "failure to state a claim upon which relief can be granted." A motion to dismiss for failure to state a claim, if granted, generally is completely preclusive, in that the underlying action may not be recommenced in any court. See *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"). Thus, a dismissal for failure to state a claim for which relief can be granted is claim preclusive.

Since CHASE failed to raise objection to Defendant's prayer for a dismissal with prejudice any objection is deemed waived. The Ninth Circuit has held an objection waived because the party had made *no* objection in the district court. *Washington State Bowling Prop. Ass'n v. Pacific Lanes, Inc.*, 356 F.2d 371, 381 (9th Cir. 1966); *Burlington Northern v. Department of Revenue*, 934 F. 2d 1064 (9th Cir. 1991); *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1410 (9th

Cir.1990), *cert. denied,* ___ U.S. ___, 111 S.Ct. 1019, 112 L.Ed.2d 1100 (1991); *Johnson Controls v. Phoenix Control Sys.,* 886 F.2d 1173, 1176 (9th Cir.1989); *Spaulding v. University of Washington,* 740 F.2d 686, 695 (9th Cir.), *cert. denied,* 469 U.S. 1036, 105 S.Ct. 511, 83 L.Ed.2d 401 (1984), *overruled on other grounds, Atonio v. Wards Cove Packing Co.,* 810 F.2d 1477 (9th Cir.1987) (objection waived if raised for the first time on appeal); *Diamond Door Co. v. Lane-Stanton Lumber Co.,* 505 F.2d 1199, 1206 (9th Cir.1974) (objection waived where party neither moved to vacate order nor objected until appeal); *see also Cruz v. Hauck,* 515 F.2d 322, 331 (5th Cir.1975), *cert. denied,* 424 U.S. 917, 96 S.Ct. 1118, 47 L.Ed.2d 322 (1976) (objection waived where appellants did not object at all in the district court).

IV. Conclusion

The order and judgment filed by the court effectively provided for dismissal with prejudice. That's what Moniz prayed for. Chase did not request leave to amend its complaint at the hearing, nor did it raise the "without prejudice" argument to the court. The court itself never mentioned "without prejudice" at any time until the Rule 60(a) motion. There is no record justifying a Rule 60(a) motion. Far from objecting or seeking an altered or amended judgment, Chase filed its notice of appeal. Chase has given no reason why it did not pray for a dismissal without prejudice or amend its complaint. As a result, this court should further alter

19

and amend the judgment pursuant to FRCP 59(e) and 60(b) and the applicable law to state that the order and judgment was with prejudice in conformance to the undisputed record of this case.

Dated: Kaneohe, Hawaii, November 21, 2016.

STACY MONIZ
DEFENDANT PRO SE