**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., <br><br> Plaintiff-Appellee, <br><br> v. <br><br> STACY MONIZ, <br><br> Defendant-Appellant. | No. 16-17350 <br><br> D.C. No. 1:15-cv-00512-DKW-BMK <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted November 15, 2017**

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

Stacy Moniz appeals pro se from the district court's order denying his post-judgment motion for reconsideration in JPMorgan Chase's diversity action alleging a breach of contract claim. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Sch. Dist. No. 1J, Multnomah Cty., Or. v.*

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  We affirm.

The district court did not abuse its discretion in denying Moniz's motion for reconsideration because Moniz failed to establish any basis for such relief. *See id.* at 1262-63 (setting forth grounds for relief under Fed. R. Civ. P. 59(e) and 60(b)).

The district court did not abuse its discretion in granting JPMorgan Chase's Rule 60(a) motion and amending the judgment to clarify that its dismissal of JPMorgan Chase's action was without prejudice because the amended judgment reflects the original intent of the court.  *See Garamendi v. Henin*, 683 F.3d 1069, 1077, 1079 (9th Cir. 2012) (setting forth standard of review and noting that "Rule 60(a) allows a court to clarify a judgment in order to correct a failure to memorialize part of its decision" (internal quotation marks omitted)).

**AFFIRMED**.